FRED NORTON (CA SBN 224725)
fnorton@nortonlaw.com
BREE HANN (CA SBN 215695)
bhann@nortonlaw.com
NATHAN WALKER (CA SBN 206128)
nwalker@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Plaintiffs
ORACLE AMERICA, INC. and
ORACLE INTERNATIONAL CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., a Delaware corporation and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>NEC CORPORATION OF AMERICA, a Nevada corporation,<br><br>　　　　Defendant. | Case No. 21-cv-05270-CRB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO:**<br><br>**(1) DISMISS COUNTERCLAIMS PURSUANT TO RULE 12(B)(6), AND**<br><br>**(2) STRIKE AFFIRMATIVE DEFENSES PURSUANT TO RULE 12(F);**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　October 28, 2021<br>Time:　　10:00 a.m.<br>Judge:　　Hon. Charles R. Breyer |

**NOTICE OF MOTION AND MOTION**

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that on October 28, 2021, at 10:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom 6, 17th Floor of this Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Plaintiffs Oracle America, Inc. and Oracle International Corporation (together, "Oracle") will, and hereby do, move for an order (a) dismissing Defendant NEC Corporation of America's ("NECAM") counterclaims Nos. 1, 2, and 3, under Federal Rule of Civil Procedure 12(b)(6); and (b) striking NECAM's affirmative defense Nos. 3 and 4, under Federal Rule of Civil Procedure 12(f).  This motion is based on this notice of motion and motion; the following memorandum of points and authorities; the accompanying Declaration of Dennis Cartey ("Cartey Decl."); NECAM's Answer to Complaint for Copyright Infringement and Breach of Contract, Affirmative Defenses, and Counterclaims (Dkt. 23); the pleadings on file in this action; any evidence or argument presented at the hearing on the motion; and any other matters the Court deems proper.

**STATEMENT OF RELIEF SOUGHT**

Oracle moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the above-referenced counterclaims asserted by NECAM on the grounds that:

1. NECAM's "intentional misrepresentation / false promise" claim (Claim 1) fails to identify *who* made the alleged misrepresentation, and *when*, *where*, and *how* it was made, and further fails to allege any plausible justifiable reliance; and

2. NECAM's claim for violation of California's Unfair Competition Law (Claim 3) – which is based on the same fraud allegations as the "intentional misrepresentation / false promise" claim – fails for the same reasons:  it does not identify *who* made the alleged misrepresentation, and *when*, *where*, and *how* it was made, and further fails to allege any plausible justifiable reliance; and

3. NECAM's "copyright misuse" claim (Claim 2) fails to allege any plausible misuse.

Oracle also moves pursuant to Federal Rule of Civil Procedure 12(f) to strike NECAM's corresponding affirmative defenses of "fraud in the inducement / fraud in the execution" (Defense 3) and "copyright misuse" (Defense 4).  These defenses fail to state plausible defenses for the same reasons that the "intentional misrepresentation / false promise" and "copyright misuse" claims fail to state a claim, as summarized above.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. NECAM'S COUNTERCLAIMS SHOULD BE DISMISSED .......................................1

    A. NECAM Fails To State A Claim For Intentional Misrepresentation / False Promise ..............................................................................................................2

        1. NECAM Fails To Allege *Who* Made The Alleged Misrepresentation, Or *Where*, *When* Or *How* It Was Made. ..................................................3

        2. NECAM Does Not Plausibly Allege Justifiable Reliance. .......................4

    B. NECAM Fails To State A UCL Claim ..................................................................6

    C. NECAM Fails To State A Claim For Copyright Misuse. ....................................7

        1. License Restrictions On The Use of Copyrighted Works That Do Not Prevent the Development Or Use Of Competing Products Cannot Constitute Copyright Misuse as a Matter of Law..........7

        2. NECAM'S Copyright Misuse Claim Should Be Dismissed Because It Is Premised On License Restrictions On The Use Of Oracle's Copyrighted Software That Do Not Prevent the Distribution Or Use Of Competing Products............................................9

III. NECAM'S DEFENSES SHOULD BE STRICKEN ......................................................10

    A. The Court Should Strike NECAM's Fraudulent Inducement Defense...............11

    B. The Court Should Strike NECAM's Copyright Misuse Defense .......................12

IV. CONCLUSION ................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A&M Records v. Napster*,
  239 F.3d 1004 (9th Cir. 2001) .................................................................................................. 7, 10

*Amaretto Ranch Breedables v. Ozimals Inc.*,
  907 F. Supp. 2d 1080 (N.D. Cal. 2012) ........................................................................................ 7

*Apple Inc. v. Psystar Corp.*,
  658 F.3d 1150 (9th Cir. 2011) ....................................................................................... 7, 8, 9, 10

*Apple, Inc. v. Psystar Corp.*,
  586 F. Supp. 2d 1190 (N.D. Cal. 2008) ..................................................................................... 1, 2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................................... 2

*Bottoni v. Sallie Mae, Inc.*,
  2011 WL 3678878 (N.D. Cal. Aug. 22, 2011) ........................................................................... 11

*Branch v. Tunnell*,
  14 F.3d 449 (9th Cir. 1994) ........................................................................................................... 5

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ................................................................................................. 2, 3

*Cash v Titan Fin. Servs., Inc.*,
  58 A.D.3d 785 (2d Dept 2009) ..................................................................................................... 5

*Dodson v. Strategic Restaurants Acquisition Co. II, LLC*,
  289 F.R.D. 595 (E.D. Cal. 2013) ................................................................................................. 11

*Engalla v. Permanente Med. Grp., Inc.*,
  15 Cal.4th 951 (1997) .................................................................................................................... 2

*Epstein v. Washington Energy Co.*,
  83 F.3d 1136 (9th Cir. 1996) ......................................................................................................... 2

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) .................................................................................................... 11

*Frenzel v. AliphCom*,
  76 F. Supp. 3d 999 (N.D. Cal. 2014) ............................................................................................ 6

*Harris v. Chipotle Mexican Grill, Inc.*,
  303 F.R.D. 625 (E.D. Cal. 2014) ................................................................................................. 11

*J & J Sports Prods., Inc. v. Luhn*,
  2011 WL 5040709 (E.D. Cal. Oct. 24, 2011) ............................................................................. 11

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ....................................................................................................... 6

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ................................................................................................5

*Learning Works, Inc. v. The Learning Annex, Inc.*,
  830 F.2d 541 (4th Cir. 1987) ..................................................................................................4

*Microsoft Corp. v. Hon Hai Precision Indus. Co.*,
  2020 WL 5128629 (N.D. Cal. Aug. 31, 2020) .......................................................................4

*Minns v. Advanced Clinical Employment Staffing LLC*,
  2014 WL 5826984 (N.D. Cal. Nov. 10, 2014) .....................................................................11

*Mohamed v. Uber Techs., Inc.*,
  109 F. Supp. 3d 1185 (N.D. Cal. 2015)..................................................................................5

*N. Bottling Co. v. Henry's Foods, Inc.*,
  474 F. Supp. 3d 1016 (D.N.D. 2020) .....................................................................................3

*Omega S.A. v. Costco Wholesale Corp.*,
  776 F.3d 692 (9th Cir. 2015) ..............................................................................................8, 9

*Oracle Am., Inc. v. Micron Tech., Inc.*,
  817 F. Supp. 2d 1128 (N.D. Cal. 2011)................................................................................11

*Oracle USA, Inc. v. Rimini St., Inc.*,
  879 F.3d 948 (9th Cir. 2018) ................................................................................................10

*Pacnet Network Ltd. v KDDI Corp.*,
  78 AD3d 478 (1st Dept 2010) ................................................................................................4

*Paper Express, Ltd. v. Pfankuch Maschinen GmbH*,
  972 F.2d 753 (7th Cir. 1992) ..................................................................................................5

*Perrotti v Becker, Glynn, Melamed & Mufjl.y LLP*,
  82 A.D.3d 495 (1st Dept 2011) ..............................................................................................4

*Practice Mgmt. Info. Corp. v. AMA*,
  121 F.3d 516 (9th Cir. 1997) ..................................................................................................7

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
  2 Cal.App.4th 153 (1991) .......................................................................................................3

*Triad Systems Corp. v. Southeastern Express Co.*,
  64 F.3d 1330 (9th Cir. 1995) .......................................................................................8, 9, 10

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ................................................................................................2

*Wausau Bus. Ins. Co. v. Horizon Admin. Servs. LLC*,
  803 F. Supp. 2d 209 (E.D.N.Y. 2011) .................................................................................11

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ................................................................................................11

*Wivell v. Wells Fargo Bank, N.A.*,
  773 F.3d 887 (8th Cir. 2014) ..................................................................................................3

**Statutes**

17 U.S.C. § 106 .......................................................................................................................... 10

California Business & Professions Code § 17200 ...................................................................... 6

**Rules**

Fed. Rule of Civ. Proc. 12 ............................................................................................ 1, 2, 10, 12

Fed. Rule of Civ. Proc. 9(b) ............................................................................................ 2, 3, 4, 6

## I. INTRODUCTION

This case is about NECAM's breach of contract and copyright infringement. In its complaint, Oracle asserts that NECAM breached its license agreement with Oracle by failing to pay license fees NECAM owes for distributing Oracle's database software and licenses to NECAM's end users. Oracle further asserts NECAM has infringed Oracle's copyrights by using Oracle software internally beyond the scope of any existing license. In response, NECAM has asserted counterclaims for "intentional misrepresentation / false promise," violation of California's Unfair Competition Law ("UCL"), and "copyright misuse" (Claims 1 and 2) and affirmative defenses of "fraud in the inducement / fraud in the execution" and "copyright misuse" (Defenses 3 and 4) that mirror the corresponding counterclaims and are based on the same allegations.

These counterclaims are NECAM's attempt to distract attention from Oracle's claims, and unsurprisingly, they are hollow and insufficient.[1] The "intentional misrepresentation / false promise" claim does not identify *who* made the alleged misrepresentations, or *when*, *where*, and *how* they were made, and fails to allege any plausible justifiable reliance. The UCL claim – which is based on the same fraud allegations as the "intentional misrepresentation / false promise" claim – likewise fails to allege the same essential elements of fraud. The "copyright misuse" claim fails to allege any plausible misuse, as there is no allegation Oracle has adopted any license restrictions that prevent others from developing competing software products. The affirmative defenses likewise fail to state a defense for the same reasons. NECAM should not be permitted to waste Oracle's—and the Court's—resources litigating these deficient claims and affirmative defenses. The counterclaims should be dismissed, and the affirmative defenses should be stricken.

## II. NECAM'S COUNTERCLAIMS SHOULD BE DISMISSED

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged. *Apple, Inc. v. Psystar Corp.*, 586 F. Supp. 2d 1190, 1195 (N.D. Cal. 2008).

---

[1] Oracle assumes the truth of NECAM's allegations for purposes of this motion only.

Allegations of material fact are taken as true, but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.* (*quoting Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Rather, the plaintiff must "set forth factual allegations sufficient to establish plausible grounds for an entitlement to relief." *Psystar*, 586 F. Supp. 2d at 1195.

Additionally, claims sounding in fraud are subject to the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure, which requires that a clamant alleging fraud "must state with particularity the circumstance constituting fraud." Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted). "[T]he circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (internal quotation marks omitted).

**A.   NECAM Fails To State A Claim For Intentional Misrepresentation / False Promise**

To state a claim for fraud, a claimant must allege: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal.4th 951, 973 (1997). In addition, to plead the circumstances of the alleged fraud with particularity as required by Rule 9(b), the claimant "must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the

purportedly fraudulent] statement, and why it is false." *Cafasso*, 637 F.3d at 1055 (internal quotation marks omitted).

NECAM's allegations fall far short of the particularity required by Rule 9(b).

### 1. NECAM Fails To Allege *Who* Made The Alleged Misrepresentation, Or *Where*, *When* Or *How* It Was Made.

Although NECAM alleges that Oracle "falsely represented that the Embedded license type would authorize NECAM to use Oracle's software as NECAM intended" (Dkt. 23 at Counterclaims ¶ 11 (p. 47))[2], NECAM does not allege *who* (which person at Oracle) made the alleged misrepresentation, *where* it was made, *when* it was made, *how* it was communicated (whether in writing, orally in person, orally in a telephone call, etc.), or specifically *what* the words of the alleged misrepresentation were. But that is the level of particularity Rule 9(b) requires, and without it, NECAM's claim fails. *See, e.g.*, *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, at 898 (8th Cir. 2014) (stating Rule 9(b) required the names of the individuals at defendant bank who made the alleged misrepresentation); *N. Bottling Co. v. Henry's Foods, Inc.*, 474 F. Supp. 3d 1016, 1021 (D.N.D. 2020) (dismissing fraud claim under Rule 9(b) for failure to identify names of persons who made alleged misrepresentations); *accord Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991) ("The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written"). NECAM has made no effort to satisfy the particularity requirement and, in fact, has failed to meet this requirement entirely, by failing to provide any of the who, where, when, how, and what particularities, all things that NECAM must know. NECAM's claim should be dismissed for these reasons alone.

---

[2] *See also* Dkt. 23 at Counterclaims ¶ 11 ("Oracle misrepresented the compatibility of the Embedded license with NECAM's intended use of the Oracle software.") and ¶ 19 ("Oracle misrepresented the compatibility of the Embedded license with NECAM's disclosed").

**2.     NECAM Does Not Plausibly Allege Justifiable Reliance.**

Justifiable reliance is an essential element of a fraud claim, and must be pleaded with particularity under Rule 9(b).  *See Microsoft Corp. v. Hon Hai Precision Indus. Co.*, Case No. 19-cv-01279-LHK, 2020 WL 5128629 at \*\*10-15 (N.D. Cal. Aug. 31, 2020) (dismissing fraudulent inducement claims for failure to plead justifiable reliance with particularity as required by Rule 9(b)); *Learning Works, Inc. v. The Learning Annex, Inc.*, 830 F.2d 541, 546 (4th Cir. 1987) ("[r]easonable, detrimental reliance upon a misrepresentation is an essential element of a cause of action for fraud ... and such reliance must be pleaded with particularity"). Where a complaint fails to allege facts showing it was reasonable for claimant to have relied on the alleged misrepresentation or omission, the fraud claim is subject to dismissal at the pleading stage.  *See Hon Hai*, 2020 WL 5128629 at \*\*10-15 (dismissing fraud claim where claimant failed to allege facts showing reasonable reliance).  A party claiming fraudulent inducement cannot be said to have justifiably relied on a representation when that very representation is negated by the terms of a contract.  *Hon Hai*, Case No., 2020 WL 5128629 at \*12 (holding that claimant's failure to allege facts explaining why it could have justifiably relied on alleged misrepresentations that were contradicted by terms of contract claimant signed "militates against concluding that [claimant]'s reliance was reasonable and justified"); *Perrotti v Becker, Glynn, Melamed & Mufjl.y LLP*, 82 A.D.3d 495, 498 (1st Dept 2011) ("A party claiming fraudulent inducement cannot be said to have justifiably relied on a representation when that very representation is negated by the terms of a contract"); *see also Pacnet Network Ltd. v KDDI Corp.*, 78 AD3d 478, 479 (1st Dept 2010) ("since the language of the contract variation contradicts plaintiff's allegations ... those allegations are not presumed to be true.").

NECAM does not plausibly allege justifiable reliance.  NECAM alleges the following:

> <u>NECAM relied on the selection of the Embedded license type by Oracle's salespeople and the false representation that the Embedded license would authorize NECAM's intended use of the Oracle software</u>. NECAM's reliance was reasonable given that NECAM was required to submit a registration form, NECAM disclosed the intended use of Oracle's software in that registration form, and Oracle continued to push NECAM to take the Embedded license.

>Absent Oracle's misrepresentation, NECAM would have selected a less restrictive license structure or pursued a license to database software from another vendor.

Dkt. 23 at Counterclaims ¶ 31 (emphasis added).

But NECAM cannot have justifiably relied on such a false representation.  If (as NECAM alleges) Oracle represented that the Embedded license would authorize NECAM's intended use of the Oracle software, and if (as NECAM also alleges) that representation was false, then NECAM is necessarily alleging the Embedded license would not, and does not, authorize NECAM's intended use of the Oracle software.  Accepting that allegation as true – the Embedded license does not authorize NECAM's intended use of the Oracle software – then NECAM, which is presumed to have read the license agreement before signing it, reasonably should have known that.  *See Mohamed v. Uber Techs., Inc.*, 109 F. Supp. 3d 1185, 1197 (N.D. Cal. 2015), *aff'd in part, rev'd in part on other grounds*, 836 F.3d 1102 (9th Cir. 2016), *and aff'd in part, rev'd in part on other grounds*, 848 F.3d 1201 (9th Cir. 2016) ("[I]t is a fundamental principle of contract law that a person who signs a contract is presumed to know its terms and consents to be bound by them'") (*quoting Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992); *Cash v Titan Fin. Servs., Inc.*, 58 A.D.3d 785, 788 (2d Dept 2009) ("[a] party is under an obligation to read a document before he or she signs it, and a party cannot generally avoid the effect of a [document] on the ground that he or she did not read it or know its contents.").[3]  And since NECAM reasonably should have known the Embedded license did *not* authorize its intended use of the software, then NECAM cannot have justifiably relied on Oracle's alleged misrepresentation that it *did* authorize it.

---

[3] The Embedded license agreement itself shows that NECAM signed it.  *See* Cartey Decl. ¶ 3, Exh. A (Embedded license (Embedded Software License Distribution Addendum to OPN Master Distribution Agreement), dated Mar. 8, 2017), signed by NECAM).  In evaluating this motion, the Court can properly consider the Embedded license, since NECAM's claims reference it and depend on its contents, and its authenticity is not disputed.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076-1077 (9th Cir. 2005); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994).

Put another way, NECAM's version of events simultaneously includes all these alleged facts: (1) Oracle told NECAM the contract allowed NECAM's intended use, (2) but Oracle was not being truthful, because (3) the contract did *not* allow that use, and yet (4) NECAM reasonably relied on Oracle's misrepresentation, despite (5) having signed the very same contract that did not allow that use.  NECAM cannot plausibly allege justifiable reliance on a misrepresentation about what the contract allows, when NECAM also alleges it signed the actual contract itself and reasonably should have (and is presumed to have) read the contract before signing it.  There is no justifiable reliance here.

**B.     NECAM Fails To State A UCL Claim**

NECAM's counterclaim for violation of California's Unfair Competition Law (California Business & Professions Code § 17200 et. seq.) sounds in fraud, and should be dismissed for failure to allege fraud with particularity as required by Rule 9(b).

The Ninth Circuit and this Court have made clear that Rule 9(b)'s heightened pleading standard governs UCL claims that sound in fraud.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (dismissing UCL claim that sounded in fraud for failure to meet Rule 9(b)'s particularity requirement); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1010 (N.D. Cal. 2014) (same).

Here, NECAM alleges that Oracle violated the UCL through a fraudulent course of conduct.  NECAM incorporates by reference the same allegations it made for its fraud claim, and further alleges that Oracle "misrepresented the nature of the inquiry in question G10 of the registration form and the contours of the restrictions set forth in the Embedded license," "fraudulently induced NECAM to believe that it could, among other things, customize reports under the Embedded license model," "fraudulently induc[ed] NECAM to sublicense Oracle software using the Embedded license," and engaged in "business acts and audit practices that are 'fraudulent."  Dkt. 23 at Counterclaims ¶¶ 44-45 (p. 56), ¶ 47 (p. 57).

As with the fraud claim itself, NECAM's UCL claim is deficient because it does not allege the circumstances of the purported fraud with particularity.  NECAM does not allege *who* (which person at Oracle) made the alleged misrepresentations, *where* they were made,

*when* they were made, or *how* they were communicated (whether in writing, orally in person, orally in a telephone call, etc.), nor does NECAM allege facts showing that it justifiably relied on the alleged misrepresentations. *See* discussion *supra* at II(A).  NECAM's UCL claim should be dismissed.[4]

### C. NECAM Fails To State A Claim For Copyright Misuse.

#### 1. License Restrictions On The Use of Copyrighted Works That Do Not Prevent the Development Or Use Of Competing Products Cannot Constitute Copyright Misuse as a Matter of Law

"Copyright misuse is a judicially crafted affirmative defense to copyright infringement, derived from the long-standing existence of such a defense in patent litigation." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1157 (9th Cir. 2011).[5]  The doctrine "does not prohibit using conditions to control use of copyrighted material;" instead, it only "prevent[s] copyright holders from using the conditions to stifle competition." *Id.* at 1159.  The purpose of the defense is to prevent copyright holders "from leveraging their limited monopoly to allow them control of areas outside the monopoly," and the Ninth Circuit has "applied the doctrine sparingly." *Id.* at 1157 (*quoting A&M Records v. Napster*, 239 F.3d 1004, 1026 (9th Cir. 2001)); *see also Practice Mgmt. Info. Corp. v. AMA*, 121 F.3d 516, 521 (9th Cir. 1997) (finding misuse where the copyright holder "[c]ondition[ed] the license on [the customer's] promise not to use competitors' products").

In the software licensing context, the Ninth Circuit expressly has held that "[a] software licensing agreement may reasonably restrict use of the software as long as it does not prevent the development of competing products." *Psystar*, 658 F.3d at 1159.  Moreover, "copyright holders may also use their limited monopoly to leverage the right to use their work on the

---

[4] Although NECAM alleges that Oracle's acts and practices are "unlawful" and "unfair," those allegations are predicated on the same deficient allegations of fraud.  NECAM identifies no predicate statute or other law Oracle has violated.  Nor does NECAM identify any unfair act or practice that is not based on the alleged fraud.

[5] Although copyright misuse is ordinarily raised as an *affirmative defense* to a claim for copyright infringement, this Court has held that copyright misuse may be asserted as a *freestanding cause of action*, but "such claims are nothing more than actions for declaratory relief." *Amaretto Ranch Breedables v. Ozimals Inc.*, 907 F. Supp. 2d 1080, 1085 (N.D. Cal. 2012).

acceptance of specific conditions" and "such licensing arrangements are … firmly rooted in the history of copyright law." *Id.*

*Triad Systems Corp. v. Southeastern Express Co.*, 64 F.3d 1330 (9th Cir. 1995), is illustrative. In *Triad*, the plaintiff designed computers for use in the automotive industry, and licensed unique diagnostic software to service those computers. *Id.* at 1333. The defendant was an independent service organization that serviced Triad computers. *Id.* Triad sued the defendant for copyright infringement, asserting that, in servicing Triad computers, the defendant necessarily copied Triad's proprietary software to the computer's random-access memory and thereby infringed Triad's copyright. *Id.* Affirming a preliminary injunction, the Ninth Circuit rejected the defendant's copyright misuse claim because "Triad did not attempt to prohibit [the defendant] or any other [independent service organization] from developing its own service software to compete with Triad." *Id.* at 1337. Similarly, in *Psystar*, the Ninth Circuit ruled that copyright misuse did not apply to a software license agreement that restricted use of the plaintiff's software to the plaintiff's own hardware because the agreement "did not restrict competitor's ability to develop their own software" or preclude customers from using competing components and products with the plaintiff's hardware. *Psystar*, 658 F.3d at 1160.

A Ninth Circuit concurrence reaffirmed these principles in *Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692 (9th Cir. 2015). There, a watch manufacturer (Omega) sued Costco (a discount retailer) for copyright infringement because Costco sold Omega watches engraved with a minuscule copyrighted Omega logo. *Id*. at 696, 697 n.4. While the majority opinion decided the case based on unrelated copyright issues, Judge Wardlaw wrote a lengthy concurrence that reaffirmed the principles articulated in *Triad* and *Psystar*. In her opinion, copyright misuse did apply to Omega's conduct. *Id*. at 704-05. But significantly, Judge Wardlaw distinguished Omega's conduct from *Triad* and *Psystar* because, in those cases, the copyright holder sought only to prohibit unlawful infringement of the copyrighted software, and did not restrict customers from obtaining un-copyrighted products or services from other sources. *See id.* at 705. Thus, Judge Wardlaw's concurrence reaffirms that Ninth Circuit law squarely rejects a copyright misuse defense where the copyright holder does not prohibit

customers from obtaining legitimate, competing products and services from competitors, or otherwise restrict competitors' ability to provide them.

### 2. NECAM'S Copyright Misuse Claim Should Be Dismissed Because It Is Premised On License Restrictions On The Use Of Oracle's Copyrighted Software That Do Not Prevent the Distribution Or Use Of Competing Products.

NECAM alleges that Oracle has "misused" its copyrights by marketing the Embedded license and thereafter contending that the Embedded license does not permit NECAM to distribute Oracle software incorporated with NECAM's software because NECAM's software supports "customized reports," NECAM "customizes" its software for each of its end users, and NECAM installs "feature updates and bug fixes" on its end user's behalf.  Dkt. 23 at Counterclaims ¶¶ 36-41.  NECAM alleges that Oracle's conduct "attempt[s] to enlarge Oracle's copyright monopoly" and "frustrates the purpose of copyright" by (1) "preventing NECAM from delivering the full features available in NEC's own software;" (2) "preventing NECAM from modifying and updating NECAM's own software;" and (3) "preventing NECAM from offering support services for NEC's own software." *Id.*

NEC has not alleged any of the facts that the Ninth Circuit has made clear are necessary to plead a copyright misuse claim.  NECAM does not allege that the Embedded license (or any other action by Oracle) prevents NECAM or anyone else from developing, offering, or using software that competes with Oracle's software.  *See Triad*, 64 F.3d at 1337; *Psystar*, 658 F.3d at 1160.  Nor does NECAM allege that the Embedded license (or any other action by Oracle) has prohibited NECAM (or anyone else) from obtaining un-copyrighted products from other sources.  *See Omega*, 776 F.3d at 704-05.[6]  Instead, NECAM alleges that Oracle has committed misuse by pushing an Embedded license (which permits NECAM to distribute Oracle software incorporated with NECAM software only if the NECAM software meets certain specified requirements) and later contending that NECAM's software does not meet those requirements.

---

[6] A copy of the Embedded Software License is attached to the accompanying Declaration of Dennis Cartey ("Cartey Decl.") as Exhibit A.  Nothing in the Embedded Software License bars NECAM (or anyone else) from developing or using competing products or from obtaining un-copyrighted products from other sources.

That is not copyright misuse. Oracle's most fundamental right as a copyright holder is the right to exclude others from infringing Oracle's copyrighted software and other materials. 17 U.S.C. § 106. It is blackletter law that license agreement restrictions on copying, distributing, and other infringement that do not prevent the development or use of competing products cannot form the basis of copyright misuse. *See Psystar,* 658 F.3d at 1159 ("A software licensing agreement may reasonably restrict use of the software as long as it does not prevent the development of competing products."); *Triad*, 64 F.3d at 1337 (rejecting misuse defense where Triad's restrictions prevented competitor from copying Triad's software); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1027 (9th Cir. 2001) (holding that it is not misuse for copyright holder to exercise the "exclusive rights of copyright holders," including by "'refusing to license a copyrighted work or by doing so only on terms the copyright owner finds acceptable.'"); *Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 957 (9th Cir. 2018), *rev'd in part on other grounds*, 139 S. Ct. 873, 203 L. Ed. 2d 180 (2019) ("copyright misuse doctrine does not prohibit using conditions to control use of copyrighted material"). The only conduct NECAM has alleged as misuse is exactly these kinds of permissible license agreement restrictions.[7]

NECAM's allegations fall far short of copyright misuse. NECAM should not be permitted to waste Oracle's—and the Court's—resources litigating its insufficient copyright misuse claim. NECAM's copyright misuse claim should be dismissed.

### III.  NECAM'S DEFENSES SHOULD BE STRICKEN

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]"

---

[7] Apart from being legally insufficient, NECAM's allegation that by marketing the Embedded license Oracle has "prevented" NEC from delivering the full functionality of, and certain support for, NECAM's own software (*see* Dtk. 23 at Counterclaims ¶ 36 (p. 54)) is affirmatively belied by NECAM's own admissions that Oracle offers two other types of licenses that are less restrictive, including a "Full Use" license that "[a]ccording to Oracle's own marketing materials, … comes 'without restrictions and allows usage that is full functionality'" (*see* Dkt. 23 at Defenses ¶¶ 5-9)).

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (*quoting Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). Courts "must view the pleading in a light most favorable to the pleading party. . . . [A] motion to strike is proper when a defense is insufficient as a matter of law." *Oracle Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1131–32 (N.D. Cal. 2011) (citations omitted).

Striking insufficient defenses at the outset of a case serves judicial economy by narrowing potential discovery and avoiding confusion. *See, e.g., Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 603 (E.D. Cal. 2013) (citing *Fantasy, Inc.*, 984 F.2d at 1527) ("A motion to strike is properly granted if it will make trial less complicated or else eliminate delay, serious risks of prejudice to the moving party, or confusion of the issues."). The burden and cost of discovery on insufficient defenses constitutes prejudice and warrants striking an affirmative defense. *See, e.g., Minns v. Advanced Clinical Employment Staffing LLC*, No. 13-CV-03249-SI, 2014 WL 5826984, at *2 (N.D. Cal. Nov. 10, 2014) (quoting *Bottoni v. Sallie Mae, Inc.*, No. C 10–03602 LB, 2011 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011)) ("[T]he obligation to conduct expensive and potentially unnecessary and irrelevant discovery is a prejudice."); *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 628 (E.D. Cal. 2014) (*quoting J & J Sports Prods., Inc. v. Luhn*, Civ. No. 2:10–3229 JAM CKD, 2011 WL 5040709, at *1 (E.D. Cal. Oct. 24, 2011)) ("Courts may find prejudice 'where superfluous pleadings may confuse the jury, or where a party may be required to engage in burdensome discovery around frivolous matters.'"); *Wausau Bus. Ins. Co. v. Horizon Admin. Servs. LLC*, 803 F. Supp. 2d 209, 214 (E.D.N.Y. 2011) ("Undoubtedly, the burden and cost of undertaking discovery on the issue of [a legally insufficient affirmative defense] constitutes sufficient prejudice to warrant striking the affirmative defense ….").

### A.   The Court Should Strike NECAM's Fraudulent Inducement Defense

NECAM's "fraud in the inducement / fraud in the execution" affirmative defense (Defense 3) is based on the same allegations as NECAM's "intentional misrepresentation / false promise" counterclaim (Claim 1), and those allegations fail to state a defense for the same

reasons they fail to state a claim, as detailed above. *See* discussion *supra* at II(A). For its affirmative defense – as for its counterclaim – NECAM alleges that "Oracle falsely represented that the Embedded license type would authorize NECAM to use Oracle's software as NECAM intended" (*see* Dkt. 23 at Affirmative Defenses ¶ 36 (p. 33), ¶ 56 (p. 39)), but NECAM does not allege ***who*** (which person at Oracle) made the alleged misrepresentation, ***where*** it was made, ***when*** it was made, ***how*** it was communicated (whether in writing, orally in person, orally in a telephone call, etc.), or specifically ***what*** the words of the alleged misrepresentation were. And NECAM likewise does not plausibly allege it justifiably relied on the alleged misrepresentation, as discussed above for the counterclaim. *See supra*, II(A). NECAM's affirmative defense is deficient and should be stricken.

### B. The Court Should Strike NECAM's Copyright Misuse Defense

NECAM's "copyright misuse" affirmative defense (Defense 4) is based on the same allegations as NECAM's "copyright misuse" counterclaim (Claim 2), and those allegations fail to state a defense for the same reasons they fail to state a claim, as discussed above. *See* discussion *supra* at II(C)(2). NEC has not alleged any of the facts that the Ninth Circuit has made clear are necessary to plead a copyright misuse defense. *Id.* NECAM's "misuse" defense should be stricken.

## IV. CONCLUSION

For the reasons set forth above, the Court should dismiss NECAM's counterclaims Nos. 1, 2 and 3 under Federal Rule of Civil Procedure 12(b)(6), and strike NECAM's affirmative defenses Nos. 3 and 4, under Federal Rule of Civil Procedure 12(f).

Dated: September 22, 2021

Respectfully submitted,

THE NORTON LAW FIRM PC

By: */s/ Nathan Walker*
Nathan L. Walker
Attorneys for Plaintiffs
ORACLE AMERICA, INC. and
ORACLE INTERNATIONAL CORPORATION